IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MARLENE HYTON, on behalf of herself and others similarly situated, | CIVIL ACTION FILE NO. |
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| TITLEMAX FINANCING, INC., a Florida corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Marlene Hyton (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. This case involves a debt collect campaign by TitleMax Funding, Inc. ("TtitleMax") through the use of pre-recorded telemarketing calls, including to, among others, consumers that have clearly and unmistakably indicated to TitleMax that they are calling a wrong number, in plain violation of the TCPA.

3. The recipients of TitleMax's illegal calls, which include Plaintiff and the proposed class members, are entitled to damages under the TCPA.

## PARTIES

4. Plaintiff Marlene Hyton is, and at all times mentioned herein was, an individual citizen of the state of Virginia.

5. Defendant TitleMax Funding, Inc. is a Florida corporation, with a principal place of business in Georgia.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227, *et seq*.

7. This Court has general personal jurisdiction over TitleMax because it resides in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District.

## TCPA BACKGROUND

### Calls Made Using a Pre-Recorded Voice Message

9. The TCPA regulates, among other things, the use of an artificial or pre-recorded voice message to make calls or send text messages. *See* 47 U.S.C. § 227, *et seq*.; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

10. Specifically, the TCPA prohibits the use of an artificial or prerecorded voice message to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. §

64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

## FACTUAL ALLEGATIONS

11. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

12. At no point has Plaintiff had a loan or other relationship with TitleMax.

13. Plaintiff Hyton's telephone number, XXX-XXX-7270, is registered to a cellular telephone service.

14. Plaintiff has had this cellular telephone number for nearly 1 year.

15. On November 18, 2020, Plaintiff received a prerecorded voice call from TitleMax identifying another consumer's name in a robotic voice, presumably to collect a debt from that consumer.

16. Plaintiff engaged with TitleMax's interactive voice response system as instructed by the prerecorded message, culminating in Plaintiff's request for TitleMax to stop calling her.

17. Notwithstanding, Plaintiff received subsequent calls from TitleMax on November 19, 20, 21, 23, and 30, and December 2, 3, 4, 7, 8, and 9.

18. In response to these calls, on December 9 and 10, Plaintiff called TitleMax, notified TitleMax that she was not the consumer they were calling for, and requested that TitleMax stop calling her.

19. But TitleMax continued to call Plaintiff, including on December 11, 12, 14, 16, 17, 21, 22, 23, 24, 29, and 30 and January 4, 5, 6, 7, 8, 11, and 12.

20. In response to these calls, on January 12, 2021, Plaintiff called TitleMax, notified TitleMax that she was not the consumer they were calling for, and requested that TitleMax stop calling her.

21. But TitleMax continued to call Plaintiff, including on January 13, 14, 15, 18, 20, 21, 22, 27, and 28, notwithstanding additional requests from Plaintiff that TitleMax stop calling on January 20 and 28.

22. At a minimum, calls on November 18 and January 12, 13, 14, 15, 18, 20, 21, 22, and 28 involved the use of substantially the same prerecorded message, in which a robotic voice identified another consumer's name, provided a phone number at which to call TitleMax back, and provided instructions for interacting with TitleMax's interactive voice response system – i.e., "press '1' now to speak to a live agent."

23. The calls were not necessitated by an emergency.

24. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.  Plaintiff and the Class Members were also harmed by use of their cell phone battery and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

26. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Pre-Record Call Class:** All persons in the United States who, within four years prior to the commencement of this litigation until the class is certified, received one or more pre-recorded calls on their cellular telephone from or on behalf of TitleMax after asking TitleMax to stop calling.

27. Plaintiff Hyton is a member of, and will fairly and adequately represent and protect the interests of, this Class as she has no interests that conflict with any of the class members.

28. Excluded from the Class are counsel, the Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

29. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

30. This Class Action Complaint seeks injunctive relief and money damages.

31. The Class as defined above is identifiable through the TitleMax's dialer records, other phone records, and phone number databases.

32. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

33. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

34. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

35. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

36. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) Whether Defendant used an artificial or prerecorded voice message to call Plaintiff and members of the class;

(b) whether Defendants made calls to Plaintiff and members of the Class without prior express consent;

(c) whether Defendants' conduct constitutes a violation of the TCPA; and

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

37. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

38. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

39. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

40. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

41. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.)**
**on behalf of Prerecorded Call Class**

42. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

43. Defendant violated the TCPA by sending, or causing to be sent via an agent, artificial or prerecorded voice messages to the cellular telephones of Plaintiff and members of the Prerecorded Call Class without their prior express consent.

44. The Plaintiff and Prerecorded Call Class Members are entitled to an award of $500 in statutory damages per telephone call.

45. The Plaintiff and Prerecorded Call Class Members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

46. Plaintiff and Prerecorded Call Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from, except for emergency purposes, using an artificial or pre-recorded voice in the future to call consumers who have told TitleMax to stop calling.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling any cellular telephone numbers using a prerecorded voice in the future;

B. As a result of the Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Pre-Recorded Call Class member treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Respectfully Submitted,

**Marlene Hyton**, individually and on behalf of those similarly situated individuals

Dated: March 12, 2021

/s/ Avi Kaufman
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative Class*